IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GENERAL WASHINGTON
PRODUCTIONS, LLC, an Arkansas
limited liability company                                    PLAINTIFF

v.                                    No. 4:26-cv-362-DPM

TIM GRIFFIN and CHARLES
ROBINSON, in their professional
capacities                                                   DEFENDANTS

## ORDER

Defendants' response to the motion for a preliminary injunction raises important points about standing and General Washington's diligence before filing suit. The Court needs more information before deciding whether a preliminary injunction hearing is necessary. The Court therefore directs General Washington to file an affidavit or declaration, 28 U.S.C. § 1746, with answers to the following questions and supporting attachments.

1. Does General Washington have a lease agreement with War Memorial Stadium for the event on 23 May 2026? If so, attach the agreement.

2. Does General Washington have any agreements with sponsors or broadcasting partners for the event? If so, attach the agreements.

3. Does General Washington have an agreement with the Arkansas Foodbank related to the event? If so, attach the agreement.

4. When did General Washington begin planning the event? What actions has it taken to prepare? What expenses have been incurred? Provide details and dates.

5. Have any student athletes agreed to participate in the May 23rd event? If so, identify all athletes and attach any written agreements. If any student athletes have agreed to participate on the condition that a preliminary injunction is entered in this case, identify them, too, and attach any agreements.

6. If there are no written agreements between General Washington and any student athletes, describe how the athletes would be compensated. Will they be paid a flat fee? Would they be paid directly by General Washington or would they be paid by sponsors or broadcasting partners? Identify any student athlete who would be paid at least $600.

7. Has any documentation related to the May 23rd event been submitted to the name, image, and likeness clearinghouse? If so, provide details and documentation.

Time is short, so the affidavit or declaration (and supporting materials, if any), and any reply are due by noon on Friday, May 1st. If a hearing is needed, the Court will hold it from 9:00 a.m. to 11:00 a.m. on Wednesday, May 13th.

The Court conditionally grants General Washington permission to file these documents under seal if it believes, in good faith, that

sealing is essential for preserving confidential material. The Court strongly urges General Washington to redact, and seek sealing, sparingly.

Any conditionally sealed document must be filed conventionally. Redacted documents should be filed on the public docket. General Washington must also provide a courtesy copy of all conditionally sealed materials, and unredacted versions of all materials, to chambers. (Please help the Court by labeling and organizing these materials clearly. Charts and lists are welcome.) Ten days after filing the requested materials, General Washington must move to maintain the seal. The motion must give solid reasons, document by document, for confidentiality. After full briefing, and study of the related merits issues, the Court will decide whether to unseal any material and whether to direct unredacted filings.

A final issue. As an entity, General Washington must be represented by a lawyer. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). But, with some exceptions, a lawyer can't be both counsel and a witness in a trial. ARKANSAS MODEL RULES OF PROF'L CONDUCT R. 3.7. General Washington must address this issue in its May 1st filings, too.

So Ordered.

_N P Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_28 April 2026_