IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GENERAL WASHINGTON
PRODUCTIONS, LLC, an Arkansas
limited liability company                                     PLAINTIFF

v.                          No. 4:26-cv-362-DPM

TIM GRIFFIN and CHARLES
ROBINSON, in their professional
capacities                                                    DEFENDANTS

## ORDER

General Washington is planning an event at War Memorial Stadium a few weeks from now on 23 May 2026. It would like to pay Arkansas Razorback football players to appear. That's allowed — with some restrictions — under the NCAA Bylaws, and a related Arkansas statute, Ark. Code Ann. § 4-75-1304, which went into effect about a year ago. But General Washington takes issue with those restrictions. So, it has sued and moved for a preliminary injunction, seeking to invalidate the applicable Bylaws and the statute. The Court appreciates the parties' expedited briefs and General Washington's responses to the Court's written questions. No hearing is needed. The first issue is Article III standing. "At the preliminary injunction stage," General Washington "must make a clear showing that [it] is likely to establish each element of standing." *Murthy v. Missouri*, 603 U.S. 43, 58 (2024)

(quotations omitted).  The second issue is the familiar one:  What is the balance among the material circumstances—likelihood of success, irreparable harm, the equities, and the public interest? *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 530 F.3d 724, 732–33 (8th Cir. 2008).

\*

The Court has doubts about General Washington's standing to pursue this wholesale collateral attack on the NCAA Bylaws, the *House* settlement, and the companion Arkansas statute.  This LLC must show three things to satisfy Article III: injury in fact, causation, and redressability.  *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781, slip op. at 5 (U.S. 29 April 2026).  The Court sees no imminent injury.  *First Choice*, No. 24-781 at 6.  To be sure, General Washington brings a First Amendment claim, which carries a relatively forgiving standing requirement.  *L.H. v. Independence School District*, 111 F.4th 886, 893 (8th Cir. 2024).  But the "threatened injury must be *certainly impending* . . . [and] allegations of *possible* future injury" won't do.  *Ibid.* (quotations omitted and emphasis original).

The Court isn't yet convinced that General Washington has clearly shown that it's likely to establish a certainly impending First Amendment injury.  *Murthy*, 603 U.S. at 58.  The LLC has leased War

Memorial Stadium. *Doc. 17 at 1 & 8–15.* It put a down a non-refundable deposit of $500. *Doc. 17 at 9.* It may be on the hook for another $2,500 for the day's rent. *Doc. 17 at 8.* General Washington says, though, that the lease "is not the basis for Plaintiff's imminent and irreparable harm." *Doc. 17 at 1.* General Washington has also set up a virtual food drive with the Arkansas Food Bank. *Doc. 17 at 2.* But, it has no contracts with sponsors or broadcasting partners, no agreement with Arkansas Food Bank for the event, and no agreements with athletes. *Doc. 17 at 2–4.* The LLC describes some (at best) preliminary contacts with some athletes' agents, sponsors, and insurance companies. *Doc. 17 at 4.* But, General Washington has neither alleged nor documented specific facts indicating that athletes, sponsors, broadcasters, or charities have been chilled from participating in this event because of the NCAA Bylaws or Ark. Code Ann. § 4-75-1304. *Compare First Choice*, No. 24-781 at 11, *and People for Ethical Treatment of Animals, Inc. v. Reynolds*, No. 25-1750, slip op. at 6 (8th Cir. 23 April 2026). General Washington could still put on its desired event—it just needs to go through the clearinghouse. Most importantly, General Washington hasn't pleaded specifics about how the clearinghouse process required by the Bylaws and the Arkansas statute has gummed up anyone's participation. At this point, General Washington appears to raise only a hypothetical, future injury. *L.H.*, 111 F.4th at 892–93.

Standing needs to be resolved sooner rather than later. The Court's thinking is preliminary. General Washington presses for third-party standing on the athletes' behalf, an argument which presents complex and evolving legal issues. General Washington has pleaded just enough, taken as true, for the Court to defer a final ruling on standing until it has the benefit of focused briefing on that issue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

\*

On the request for a preliminary injunction: likelihood of success on the merits and irreparable harm are typically the most important factors. *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011). Too many obstacles confront General Washington for the Court to find a likelihood of success. For example, it isn't clear what, exactly, the company would like to pay the student athletes to do at the event. There's some suggestion that they would be performing drills for the public. *Doc. 1 at 17.* That sounds like conduct, not speech. And drawing that line presents a famously vexed issue, which has big implications for General Washington's First Amendment claims. *E.g., Brandt by & through Brandt v. Griffin*, 147 F.4th 867, 888–90 (8th Cir. 2025).

There's also the specter of the *House* settlement. The Court can, and does, notice the proceedings in that related case. *Stutzka v. McCarville*, 420 F.3d 757, 759 n.2 (8th Cir. 2005). The deal was approved

-4-

almost a year ago. *Doc. 978* in *In re College Athlete NIL Litigation*, No. 4:20-cv-3919-CW (N.D. Cal. 6 June 2025). The potential preclusive effect of the *House* consent judgment is another obstacle facing General Washington's argument that it will ultimately prevail.

The Court's skepticism on the merits also reaches General Washington's contention of irreparable harm. *Rounds*, 530 F.3d at 737 n.11. That contention is further weakened by General Washington's decision to file suit only weeks before the scheduled event (more on that below). *Kohls v. Ellison*, 166 F.4th 728, 732–34 (8th Cir. 2026). The LLC says it needed to schedule the event so soon "because there is only a short period of time when football student athletes are free from their academic and athletic obligation to their universities." *Doc. 1 at 20*. It's fair to assume that Division I football players are busier than the typical college student. But any suggestion that May 23 is the only date when this event could take place strains credulity. Summer is upon us, after all. In any event, General Washington's scheduling allegation is undermined by the fact that no athletes have agreed to participate.

The balance of the equities weighs heavily against a preliminary injunction. *Kohls*, 166 F.4th at 732–34. Those equities, and the public's interest, merge in this kind of case. *Eggers v. Evnen*, 48 F.4th 561, 564–65 (8th Cir. 2022). The War Memorial lease was signed on March 4th. *Doc. 17 at 15*. Yet General Washington waited almost six weeks

until April 15th to file suit. Even with the Court's expedited deadlines, the event is now less than three weeks away. No student athletes have agreed to participate. *Doc. 17 at 4.* No sponsors or broadcasting partners are locked in. *Doc. 17 at 2.* The empty list of sponsors and media is important because General Washington doesn't intend to pay participating athletes a fee; it intends to pay them part of the revenue generated from the event. *Doc. 17 at 5.* The compensation piece shows the uncertainty in all this. General Washington has discussed a potential co-marketing agreement with the Arkansas Foodbank. That potential agreement is on hold, however, pending the Court's ruling on the motion for a preliminary injunction. *Doc. 17 at 5.* The circumstances here are too speculative to justify court intervention.

Plus, the name, image, likeness issues aren't a surprise. General Washington was well aware of the *House* settlement: Phillips — the LLC's sole owner and its lawyer — objected to that settlement in February 2025 when it was proposed. *Doc. 678 & 710* in *In re College Athlete NIL Litigation*, No. 4:20-cv-3919-CW. And Phillips has an active appeal of the consent judgment in that case. *In re College Athlete NIL Litigation*, 803 F. Supp. 3d 959 (N.D. Cal. 2025), *appeal docketed*, No. 25-4137 (9th Cir. 3 July 2025).

A preliminary injunction is extraordinary relief. *Winter*, 555 U.S. at 24. A court must not grant that relief lightly. Beyond the facts discussed, three reasons persuade the Court not to do so here. First, a

preliminary injunction would alter — not preserve or restore — the status quo. *Ahmad v. City of St. Louis*, 995 F.3d 635, 641 (8th Cir. 2021). Second, General Washington seeks to enjoin a state statute, so its burden is heavier. *Penguin Random House, LLC v. Robbins*, 172 F.4th 581, 586 (8th Cir. 6 April 2026). Third, and most importantly, a preliminary injunction would essentially resolve this case immediately, allowing General Washington to run an end around the *House* settlement and move forward with the May 23rd event. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). (Whether it could actually pull it off in such a short time is a separate matter). General Washington has claims that need adjudication. But the asserted urgency is mostly of the company's own making. The Court declines to grant extraordinary relief in the circumstances presented. *Kohls*, 166 F.4th at 732–34.

*

General Washington's motion for a preliminary injunction, *Doc. 7*, is denied.

General Washington must engage counsel. Because of the sprint required by everyone on the injunction issues, the Court did not press this point before deciding those issues. ARK. R. PROF. CONDUCT 3.7(a)(3). But General Washington's motion is now resolved. From the record made to date, there seems to be no daylight between Tyler Phillips and General Washington Productions, LLC. Phillips is the most-necessary witness in his LLC's dispute. Litigating the merits with

Phillips constantly shifting back and forth between being the lawyer and being the client is both impracticable and unfair to the defendants. General Washington must therefore secure new counsel by 12 June 2026. APPENDIX TO LOCAL RULES, RULE IV(B); ARK. R. PROF. CONDUCT 3.7; *Weigel v. Farmers Insurance Co.*, 356 Ark. 617, 622–29, 158 S.W.3d 147, 151–55 (2004); *Stuart v. Walther*, 2024 Ark. 41, at 6, 686 S.W.3d 486, 491; *but see Howard v. Baptist Health*, 2022 Ark. 214, at 4–6, 654 S.W.3d 809, 812–13.

Both parties must address standing promptly. The Court requests a focused defense motion on that issue in due course.

So Ordered.

*W.P. Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

7 May 2026

–8–